# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRETT SHIBLEY              :        CIVIL ACTION

      v.                      :

GENESIS HEALTH CARE        :        NO. 09-3386

## MEMORANDUM

**Baylson, J.**                                                August 12, 2010

      Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 12). This case arises out of Plaintiff's allegations of unlawful termination as an employee of Defendant for reasons of age, and retaliation. After discovery was completed in this case, Defendant filed a Motion for Summary Judgment together with a Statement of Undisputed Material Facts. Plaintiff subsequently filed a Memorandum of Law in response to the Motion, together with his own Statement of Undisputed Facts (Doc. No. 15). Defendant then filed a reply brief, which included a response to Plaintiff's Statement of Undisputed Facts (Doc. No. 17).

      Prior to oral argument, the Court entered an Order dated July 19, 2010 (Doc. No. 21), pointing out that Plaintiff had not followed the Court's Procedural Order, paragraph (C)(2). Plaintiff was under an obligation to respond, paragraph-by-paragraph, to Defendant's Statement of Undisputed Material Facts, with pinpoint citations to the record, but Plaintiff had failed to do so. Plaintiff was given leave to comply, but responded to this Order by filing a response to Defendant's Statement of Undisputed Facts (Doc. No. 22) which still failed to comply with either the Court's Practice Order or Fed. R. Civ. P. Rule 56(c). With three exceptions (¶¶ 4, 36 and 39), Plaintiff disputed many of Defendant's facts without any citations to the record. Plaintiff

then listed an additional 56 paragraphs of "Undisputed and Material Facts" with record citations. There is some overlap between the Undisputed Material Facts as stated in this document, and Plaintiff's Statement of Undisputed Material Facts previously filed (Doc. No. 15).

On July 26, 2010, three days later, at the Court's request, Plaintiff again filed a "Response to Defendant's Statement of Undisputed Material Facts" (Doc. No. 23), which contained some additional record citations in support of Plaintiff's disputes with Defendant's assertion of Undisputed Facts (¶¶ 4, 9, 30, 36 and 39), but, for the majority of the paragraphs as to which Plaintiff previously disputed, Plaintiff merely added the phrase: "Plaintiff disputes this fact, as it arises from a declaration of an individual that was not deposed by either party." Plaintiff gave no reason for not taking such any such depositions.

At oral argument on July 27, 2010, the Court pointed out to Plaintiff's counsel two procedural defects in his response to Defendant's Motion. First, Plaintiff had failed to follow this Court's Procedural Order even after being given a second opportunity to remedy the initial failure. Secondly, and more importantly, Plaintiff has failed, as required by Fed. R. Civ. P. 56(e)(2), to make a showing that there are genuine issues of fact requiring a trial—which is the burden of the party responding to a motion for summary judgment where a defendant's motion and supporting papers set forth undisputed facts which negate a plaintiff's claim, as Defendant did in this case. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

As Rule 56(e)(2) specifically requires:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if

appropriate, be entered against that party.

Id.; see also Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 161 (3d Cir. 2009) (citing Rule 56(e)(2)).

I.  **Facts**

There are a number of undisputed material facts in this case. The Defendant operates a 150-bed facility called The Belvedere ("Belvedere") in Chester, Pennsylvania, providing skilled nursing services to the elderly in Chester and the surrounding Delaware County area. It is licensed by the Pennsylvania Department of Health. Plaintiff became the Administrator at Belvedere in May 2007, and in this capacity, he was essentially in charge of the facility, supervising all department heads at that facility. Plaintiff reported to Paul McGuire, Regional Vice President of Operations.

Defendant's motion for summary judgment sets forth (and supports) a number of facts that Plaintiff was having problems managing a number of the employees at the facility, some of whom had complained about Plaintiff's conduct towards them. These facts are recounted in detail in Defendant's Statement of Undisputed Material Facts, paragraphs 9-46, and supported by depositions or affidavits, as required by Rule 56(e)(2). As noted above, Plaintiff responded as required to only three of these allegations. Putting aside for the moment Plaintiff's failure to respond according to both Rule 56 and the undersigned's practice rule, Plaintiff has not presented any factual materials in any of his papers disputing these facts. Moreover, Plaintiff has not come forward with his own affidavit or declaration giving his version of these facts, as Plaintiff was allowed to do under the specific provisions of Rule 56 and well established Third Circuit case law. See, e.g., Azur v. Chase Bank, USA, Nat. Ass'n, 601 F.3d 212, 216 (3d Cir. 2010)

("Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact . . . ." (quoting Nicini v. Morra, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc))).

However, Plaintiff has set forth contentions in his various Statements of Undisputed Material Facts (Doc. Nos. 15, 22, and 23) largely based on his own deposition taken by defense counsel. In these documents, Plaintiff asserts that he was highly regarded as an employee by Defendant, that he won awards, that he received favorable employment reviews, and that he had the qualifications to be an outstanding nursing home manager. Plaintiff also asserts that when he first became the supervisor at Belvedere, there were a number of problems that were noted by the Pennsylvania Department of Health, and that Mr. McGuire inappropriately, if not illegally, signed Plaintiff's name to a report required by the Pennsylvania Department of Health. Plaintiff also asserts that Mr. McGuire was hostile to him and made false accusations against him. Plaintiff asserts that he was never given any warning of any failures before he was terminated, and that he was not given any reasons for his termination. He also asserts that he had received a $5,000 merit raise and an additional merit raise reflecting his overall good performance. Plaintiff does acknowledge that Mr. McGuire told Plaintiff that he was being terminated for his inability to build a team and be a leader, even though Plaintiff's annual evaluation stated that Plaintiff was "a great team leader." Plaintiff was replaced by a current employee, in his thirties, who stayed in the position for four months; subsequently, a permanent replacement was selected who was older than Plaintiff. Plaintiff was fifty years old when he was terminated.

In his Complaint, Plaintiff asserted that he was terminated because of his age, a charge that he had initially filed with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff had also alleged retaliation, based on certain conduct by Mr. McGuire, in Plaintiff's filing with the EEOC. However, as it appears in the documents leading up to the summary judgment stage, Plaintiff is now supporting his retaliation claim based on alleged sexual harassment by another employee, which Plaintiff reported. Plaintiff asserts that his termination was not only because of age, but because of Plaintiff's conduct in reporting the sexual harassment. Because this specific charge was never made before the EEOC, it is not properly part of this case at this time, and the Court will therefore not give any further consideration to the claim of retaliation. See Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996) (a plaintiff cannot bring a claim under Title VII without first exhausting all administrative remedies); Janis v. La-Z-Boy Furniture Galleries, 2006 WL 724157, at *7 (E.D. Pa. Mar. 17, 2006) ("Neither of the Charges which Plaintiff filed with the EEOC established a charge that [he] was terminated, or that his pay was reduced, in retaliation for his complaints . . . . Consequently, the Court . . . finds that [the plaintiff] has failed to exhaust his administrative remedies with respect to this claim.").

At oral argument, Plaintiff's counsel did not have any substantive reason for not following the Court's Practice Order or the fundamental procedural requirement set forth in Rule 56. However, rather than rely on these procedural deficiencies, the Court will deal directly with the merits of Defendant's motion for summary judgment.

**II.    Analysis**

Throughout this discussion, the Court will consider the facts in the light most favorable to Plaintiff, as the nonmoving party. There is some doubt that Plaintiff has set forth a prima facie case showing age discrimination. In this case, the Plaintiff, age fifty at the date of termination, was indeed terminated, and the Court will accept his assertion that he was not given any reason

for the termination (although that is disputed by Defendant). Defendant initially replaced the Plaintiff with a much younger individual who was hired on a temporary basis and only held the position for four months. Thereafter, Defendant hired another individual who was actually older than the Plaintiff to hold the position permanently, and as far as the record is concerned, that individual is still holding the position at this time.

In the Court's Order of July 19, 2010, the Court asked the parties to cite any cases which specifically discussed whether a temporary replacement for a terminated employee can support an age discrimination charge where the temporary replacement (in this case, for four months) was younger than the Plaintiff, but the permanent replacement was older than the Plaintiff. At oral argument, neither party was able to supply any cases with directly similar facts. The Court has not found any such cases within the Third Circuit. Therefore, for purposes of this Opinion, the Court assumes that Defendant's replacing of Plaintiff with an individual significantly younger than Plaintiff, albeit for a four month time period, satisfies the statutory and case law requirements for a prima facie case. The Court reaches this conclusion because of the absence of any guiding Third Circuit precedents in this area. Furthermore, Congress did not make any specific provision for temporary versus permanent replacements. Therefore, the Court concludes that a jury may be able to infer the appropriate discriminatory intent from a four-month replacement.

Assuming, _arguendo_, that Plaintiff has established a prima facie case, there is no question that Defendant has presented evidence showing an independent basis for the termination of Plaintiff, specifically by setting forth many reported complaints of inappropriate conduct by Plaintiff towards other employees. See Defendant's Statement of Undisputed Facts ¶¶ 9-35.

In such a situation, Plaintiff must next come forward with evidence of pretext. Plaintiff acknowledges his obligation to show pretext, and in his brief (Doc. No. 15), pages 13-18, Plaintiff cites Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) for this proposition. Plaintiff asserts that Third Circuit case law requires this Court to deny summary judgment, and allow a jury to find in favor of Plaintiff, based on conduct showing Plaintiff's rapid "fall from grace." He also asserts that the sudden downturn in his fortunes, after he complained about sexual harassment (a claim not made to the EEOC, as noted above), and after he complained about Mr. McGuire's forging his signature, is also evidence of pretext. Plaintiff asserts that pretext can be shown by an explanation that a jury might find is credible, if the reason given for the termination is too trivial. Plaintiff particularly relies on Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326 (3d Cir. 1995), concerning a contradiction in Defendant's explanation compared with good performance ratings before termination.

After review, the Court finds that Brewer is distinguishable from the present case. It is true that in Brewer, the Third Circuit reversed the district court's granting of summary judgment to an employer on an age-discrimination claim where the employer terminated an employee who received good job evaluations, was the only salesperson to exceed his sales quota for the two years prior to his termination, and had received a bonus for surpassing his sales quota for those two years prior to his termination—including a bonus received three months prior to termination. Id. at 331-32. Nevertheless, the facts in Brewer are far different than those here, primarily because the plaintiff in Brewer presented evidence indicating a potentially discriminatory intent to terminate based on age. Indeed, the employee in Brewer had worked for his employer for twenty-three (23) years, and the Third Circuit found it questionable as to why the employer

would fire a salesperson "in response to the same organizational deficiencies that the employer had tacitly accepted for over two decades." Id. at 332. Furthermore, the plaintiff had produced evidence that the employer's personnel manager wrote a memorandum summarizing the plaintiff's performance which included the statement that the plaintiff "is 53 years old, which presents another problem." Id. at 333. The Third Circuit commented that this statement tended to show "a discriminatory animus," and was the type of evidence that "should be submitted for a jury's consideration." Id. Further, the employer's CEO discussed two new executives in the company newsletter by stating: "[T]wo of our star young men [are] in their mid-40's. That age group is our future." Id. (citation omitted). The Third Circuit found that this statement "may provide some relevant evidence of discrimination," id., "may be used as evidence of a managerial policy," id. at 334, and "may . . . be considered by the jury as evidence of the corporate culture in which the employment decision to terminate [the plaintiff] was made, and [as] circumstantial evidence of age discrimination," id.

The Brewer decision is clearly distinguishable from the present case. Third Circuit case law requires evidence that Plaintiff's claim of pretext be supported by some evidence that Plaintiff's age was a reason for termination. In other words, a terminated plaintiff cannot rely merely on inconsistencies and a downturn in the defendant's appreciation of a plaintiff, but in order to support a claim of pretext, must come forward with some evidence that the plaintiff's age was a motivating factor for the plaintiff's termination. See Tomasso v. Boeing Corp., 445 F.3d 702, 706 (3d Cir. 2006) (a plaintiff must "do more than show that [an employer] was wrong or mistaken in deciding to lay him off," and must "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." (citation and internal

quotation marks omitted) (emphasis in original)); see also Akin v. York Cnty. Prison, 2010 WL 2342502, at *6 n.4 (M.D. Pa. June 8, 2010) ("Once the defendant [demonstrates a legitimate, non-discriminatory reason for terminating a plaintiff], the plaintiff must then demonstrate that this reason was a mere pretext for age discrimination." (citing Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009))).

In the present case, however, despite repeated questions from the Court at oral argument, and after careful review of Plaintiff's briefs, the Court can discern no evidence of pretext in the record that meets any of the standards for pretext established by the Third Circuit. The principal evidence that Plaintiff was able to provide is asserted inconsistencies in Defendant's reasons for terminating Plaintiff, but these asserted inconsistencies are not such that a reasonable jury could find that Defendant terminated Plaintiff on the basis of age discrimination. See, e.g., Smith v. City of Allentown, 589 F.3d 684, 691-92 (3d Cir. 2009) (in a case where a plaintiff attempted to show that an employer's reason for terminating him was a pretext for age discrimination, because the evidence showed that plaintiff had exhibited performance problems, because the plaintiff was an at-will employee, and because the plaintiff had failed to show any evidence that the termination decision was pretextual, the Third Circuit found that the plaintiff failed to carry his burden to produce sufficient evidence of pretext, such that no reasonable jury could find that the plaintiff was fired on the basis of age discrimination; the Third Circuit upheld the district court's granting of summary judgment for the employer.) This is a far different situation from Brewer, where the plaintiff set forth evidence of potentially discriminatory animus indicating that the plaintiff's termination may have been age-related. No such evidence has been put forth by Plaintiff here. To the contrary, in the present case, none of the alleged inconsistencies have

anything to do with the Plaintiff's age.

For these reasons, the Court has determined that it is appropriate to grant summary judgment in favor of the Defendant.

An appropriate Order follows.

A:\Shibley v. Genesis -09-3386- Memo D's MSJ.wpd